**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

CRAIG BECKER,

       Plaintiff,

v.                                                  Case No.: 3:21-cv-00720-MCR-HTC

ENTERPRISE PIZZA PARTNERS, LLC,

       Defendant.

_____/

**PARTIES' RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER**

    I.    **Participants**.  The following persons participated in a telephonic Rule 26(f) conference on July 19, 2021:

    Marcy I. LaHart – counsel for Plaintiff

    Matthew Massey – counsel for Defendant

    II.    **Initial Disclosures**. The parties will complete the initial disclosures required by Rule 26(a)(1) by August 2, 2021.

    III.    **Discovery Plan**:

    (A) DISCOVERY BY PLAINTIFF

        Plaintiff proposes to conduct discovery regarding the circumstances surrounding Defendant's repeated inquiries regarding the nature of Plaintiff's disability and Defendant's ability to pay an award for punitive damages.

(B) DISCOVERY BY DEFENDANT

Defendant proposes to take discovery regarding the following issues related to Plaintiff's allegations, including but not limited to:

i.  The nature and circumstances surrounding Mr. Becker's interactions with the employees of Marco's Pizza on July 11, 2019.

ii.  Whether Marco's Pizza is a place of public accommodation as defined by the ADA and Florida Civil Rights Act.

iii.  The nature of Mr. Becker's disability that substantially limits one or more of his major life activities.

iv.  Whether Defendant knowingly and willfully refused to allow Mr. Becker the same access to the establishment as non-disabled patrons, even after Mr. Becker advised that Max is a service dog.

v.  The manner by which Max has been individually trained to do work or perform task(s) for Plaintiff, and similarly fails to demonstrate that the work or task(s) are directly related to Plaintiff's disability.

vi.   Whether and how Plaintiff's alleged request for accommodation—allowing a German Shepherd dog into the establishment—posed a threat to the health or safety of others that could not be eliminated by a modification of policies, practices, or procedures, or by the provision of auxiliary aids or services.

vii.  The cause(s) of Mr. Becker's severe emotional distress and the manner(s) in which that severe emotional distress manifested.

viii. Whether and how Mr. Becker has suffered and will continue to suffer direct and indirect injury.

ix.   Whether and how Mr. Becker has suffered and will continue to suffer irreparable harm.

x.    Whether and how Mr. Becker has a realistic, credible, existing and continuing threat of discrimination from Enterprise's alleged non-compliance with the ADA and Florida Civil Rights Act.

xi.   Whether and how Defendant violated the Florida Civil Rights Act by allegedly discriminating against the Plaintiff.

xii.    The manner, if any, by which Defendant acted in a way that was intentional, willful, taken in disregard of the rights of others, or otherwise based on any discriminatory animus.

xiii.   Any other such matters that are discoverable and relate to Plaintiff's allegations.

(b)     All discovery shall be propounded or requested no later than December 8, 2022.

(c)     All discovery shall be completed no later than January 7, 2022.

(d)     Maximum number of interrogatories by each party to another party shall not exceed 30 without leave of Court, and all answers thereto shall be made within 30 days of service.

(e)     Maximum number of requests for admission by each party to another party shall not exceed 25 without leave of Court, and all responses thereto shall be made within 30 days of service.

(f)     Subject to the addition of any additional parties in this matter, each party shall be allowed 15 depositions, exclusive of expert witnesses unless otherwise agreed or by leave of Court.

(g)     Limits on length of depositions, in hours:  Seven hours each unless otherwise agreed or ordered by the Court.  The parties will

confer in good faith as to the appropriate length of Rule 30(b)(6) depositions.

(h)     Dates for supplementation under Rule 26(e): As required by Rule 26.

## IV.   **Other Items**:

(a)     The parties request a pretrial conference at least 21 days prior to trial.

In Compliance with the Court's Initial Scheduling Order of July 7, 2021, (ECF No. 15), the parties disclose the following:

**(i)     Magistrate Judge Jurisdiction:**

The parties have conferred regarding the issue of whether to consent to the jurisdiction of a United States Magistrate Judge.

**(ii)    Nature and Basis of All Claims and Defenses and the Principal Factual and Legal Issues in Dispute:**

Plaintiff asserts that Defendant discriminated against him in violation of the Title III of the ADA and the Florida Civil Rights Act by refusing to serve him and repeatedly asking him about the nature of his disability.

Defendant asserts that it did not discriminate against Plaintiff in violation of the Title III of the ADA and the Florida Civil Rights Act. Defendant further asserts that it is not liable to Plaintiff for any damages

or injunctive relief, including but not limited to compensatory and punitive damages. Defendant is presently investigating these matters and, until its investigation is complete, disputes Plaintiff's claims. Defendant specifically disputes Plaintiff's characterization of the events that allegedly occurred at the Marco's Pizza. He also disputes Plaintiff's contention regarding his disability and need for a service animal under Title III of the ADA and the Florida Civil Rights Act.

The parties anticipate that the litigation will focus on the events that allegedly occurred at Marco's Pizza, as well as Plaintiff's disability, his service animal, his damages, and Defendant's role in this incident.

**(iii)   Likelihood of Prompt Settlement or Resolution of the Case:**

The parties agree to participate in prompt settlement discussions when reasonably practicable. The parties further agree that mediation would be useful after the close of discovery.

**(iv)   Proposed Pre-Trial Timetable:**

The parties do not make any requests to adjust the Court's deadlines in the Initial Scheduling Order. This means that the deadlines shall be as follow:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1) disclosures: | August 2, 2021 |
| Rule 26(a)(2) disclosures:<br>     Plaintiff:<br>     Defendant: | <br>September 5, 2021<br>October 5, 2021 |
| Joinder of other parties: | As provided in Fed. R. Civ. P. and/or Local Rules of N.D. Fla. |
| Amendments to pleadings: | As provided in Fed. R. Civ. P. and/or Local Rules of N.D. Fla. |
| Deadline for discovery requests: | December 8, 2022 |
| Discovery cutoff: | January 7, 2022 |
| Deadline for motions for summary judgment: | January 28, 2022 |
| Deadline for mediation: | February 6, 2022 |

**(v)    Discovery Requirements and Procedures:**

The parties do not request any discovery procedures beyond those set forth in the Federal Rules of Civil Procedure and in this Report.  The parties suggest that the timelines set forth above and in the Court's Initial Scheduling Order are reasonable and appropriate under the circumstances.

**(vi)   Electronic or Computer-Based Discovery:**

It is unlikely that either party will request or produce information from electronic or computer-based media.

**(vii)  Estimate of Date when Case is Ready for Trial:**

The parties estimate that this case will be ready for trial on or after March 2022.    The parties are unable to provide a reasonable estimate of the length of the trial at this point in time.

**(viii)  Other Matters:**

None planned or anticipated by either party at this time.

**(ix)     Manual for Complex Litigation:**

This case should not be made subject to the Manual for Complex Litigation.

| | |
|---|---|
| */s/ Marcy I. LaHart*<br>MARCY I. LAHART<br>Fla. Bar No.:  967009<br>marcy@floridaanimallawyer.com<br>MARCY I. LAHART, PA<br>249 SE Tuscawila Road<br>Micanopy, FL  32667<br>Tel:  (352) 545-7001<br>Attorneys for Craig Becker | */s/ Matthew P. Massey*<br>JOHN H. ADAMS<br>Fla. Bar No.:  13208<br>jha@beggslane.com<br>MATTHEW P. MASSEY<br>Fla. Bar No.:  1008337<br>mpm@beggslane.com<br>BEGGS & LANE, RLLP<br>501 Commendencia Street<br>Pensacola, FL  32502<br>Tel:  (850) 432-2451<br>Fax:  (850) 469-3331<br>Attorneys for Enterprise Pizza<br>Partners, LLC |